## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| D'NORRIOUS  BARRETT, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| v. | ) | |
| | ) | |
| LAMAR COUNTY, Georgia, | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff D'NORRIOUS BARRETT, and files this Complaint for Damages against LAMAR COUNTY, Georgia, showing the Court as follows:

## NATURE OF CLAIM

Plaintiff brings this action against Defendant for violation of Plaintiff's rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1.

This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and/or Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of state law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.

Plaintiff also asserts Georgia state law claims against Defendant that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.

Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties, and to the witnesses, and it is where the Defendant is deemed to reside. See 28 U.S.C. § 1391.

## PARTIES

4.

Plaintiff, D'Norrious Barrett (hereinafter "Plaintiff"), is a resident and citizen of the United States and, at the time of the events complained of herein, was a citizen and resident of the City of Barnesville, Lamar County, State of Georgia. On or about June 25, 2013, without legal justification or any rational basis, Plaintiff was unlawfully arrested and falsely imprisoned by Defendant Lamar County; Plaintiff suffered severe injuries as a result of Defendant's unlawful actions and omissions which occurred in the County of Lamar, State of Georgia.

5.

Defendant, Lamar County, Georgia (hereinafter "Defendant Lamar County") is a duly constituted political subdivision of the State of Georgia and is and was the employer of the unnamed law enforcement officers and other individuals employed by the Lamar County Sheriff's Office (hereinafter the "LCSO") who were involved in the unlawful detention and false imprisonment of Plaintiff on or about June 25, 2013.

6.

Defendant Lamar County is, and was at all times relevant hereto, a duly organized governmental entity created and existing by virtue of the laws of the

State of Georgia, and entity body corporate subject to suit and subject to the jurisdiction of this Court and may be properly served with summons and process as allowed by law.

7.

Defendant Lamar County is liable for constitutional deprivations pursuant to governmental custom, policy, or practice, whether written or unwritten. (See Monell v. New York Dept. of Social Servs., 436 U.S. 658 (1978)). Lamar County is also liable for misconduct, inadequate training, failure to train, negligent hiring, negligent retention, and negligent supervision of its employees.

## **CONDITIONS PRECEDENT**

8.

All conditions precedent to this action have occurred, been executed, or waived.

9.

On or about July 22, 2013, Plaintiff forwarded written notice of his claims herein to the County Attorney for Defendant Lamar County, and the Lamar County Board of Commissioners in accordance with O.C.G.A. §§ 36-11-1, and 36-33-5, et seq.

## FACTUAL ALLEGATIONS

### 10.

On or about June 25, 2013, Plaintiff was peaceably driving in Lamar County, Georgia when he was stopped by a law enforcement officer employed by the City of Barnesville, Georgia (the "Barnesville Officer"), for allegedly driving a vehicle with a malfunctioning headlight.

### 11.

Plaintiff was compliant and cooperative throughout the stop of his vehicle, and was informed by the Barnesville Officer that he would only receive a warning for his minor traffic violation.

### 12.

Plaintiff provided his driver's license to the Barnesville Officer, and the Barnesville Officer ran Plaintiff's and determined that there was a warrant issued by Defendant Lamar County for Plaintiff's arrest (hereinafter the "Warrant").

### 13.

The Warrant was based on Plaintiff's alleged failure to pay child support.

14.

The Barnesville Officer informed Plaintiff of the Warrant and Plaintiff immediately informed the Barnesville Officer that the warrant must have issued in error as Plaintiff's *first* child support payment was not due until *August 1, 2013*.

15.

Despite Plaintiff's statements, the Barnesville Officer arrested Plaintiff and transported Plaintiff to the LCSO for incarceration.

16.

Upon his arrival at the LCSO, Plaintiff again explained to employees of Defendant Lamar County that Plaintiff had not failed to pay child support and the Warrant was issued in error.

17.

The employees of Defendant Lamar County refused to acknowledge Plaintiff's statements, and incarcerated Plaintiff on June 25, 2013.

18.

More than ten (10) hours after his unlawful incarceration, Defendant Lamar County determined that the Warrant had been issued in error and that Plaintiff had not failed to pay child support.

19.

Defendant Lamar County determined that the Department of Child Support Services had negligently and erroneously submitted an Order against Plaintiff for Enforcement of Child Support to the LCSO (hereinafter the "Order").

20.

Upon receipt of the Order, the LCSO failed and refused to read the Order and/or failed and refused to recognize that Plaintiff's first payment of child support under the Order was not due until August 1, 2013, more than one (1) month *after* Plaintiff's unlawful arrest and incarceration.

21.

At some time after Defendant Lamar County determined that Plaintiff had been wrongfully arrested and illegally detained, Plaintiff was released from Defendant Lamar County's custody.

22.

By the time Plaintiff was released from Defendant Lamar County's custody, Plaintiff had failed to report to work for his scheduled shift and his employment had been terminated.

23.

As a direct result of his unlawful arrest and incarceration, Plaintiff suffered – and continues to suffer – significant mental and emotional pain, distress, embarrassment, humiliation, and anguish.

24.

Defendant's above-described conduct in wrongfully issuing the Warrant, unlawfully arresting, and illegally and falsely imprisoning Plaintiff was done when Defendant's employees were acting under color of law and were done with either grossly reckless and/or malicious intent.

25.

At all times relevant hereto, Defendant was responsible for the supervision, training, discipline, and retention of its employees.

26.

Defendant failed to adequately train, supervise, and/or discipline its employees who were involved in the issuance of the Warrant and/or the false imprisonment of Plaintiff.

27.

Based on information and belief, as of the date of this filing, Defendant has not disciplined a single employee for his or her actions and/or omissions on or

about June 25, 2012, with respect to the Warrant, and the unlawful arrest and imprisonment of Plaintiff.

## COUNT I – UNLAWFUL IMPRISONMENT OF PLAINTIFF IN VIOLATION OF 42 U.S.C. §1983

28.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

29.

The aforementioned actions of Defendant Lamar County amounted to deliberate indifference to the constitutional rights of Plaintiff and caused Plaintiff to be deprived of the following clearly established rights under the United States Constitution:

a) the right to life, liberty, and the pursuit of happiness;

b) the right to be free from unreasonable seizures under the Fourth Amendment;

c) the right to be free from deprivations of physical security and well-being without due process of law under the Fifth and Fourteenth Amendments; and/or

d) any other rights or privileges guaranteed to Plaintiff by the United States
Constitution which may be applicable under the facts and circumstances
of this action.

30.

At all relevant times, Defendant's employees who issued the Warrant and/or falsely arrested and/or imprisoned Plaintiff were acting within the scope of their employment with Defendant and under color of state law.

31.

At the time of the incident giving rise to this lawsuit, there was absolutely no legal justification for arrest and/or imprisonment of Plaintiff.

32.

As a direct and proximate result of Defendant's actions as described herein, Plaintiff was deprived of his rights under the United States Constitution.

33.

As a direct and proximate result of Defendant's actions as described herein, Plaintiff suffered serious injury and damage for which Defendant is liable including, but not limited to: physical, mental, and emotional pain and suffering; the loss of the ability of labor; humiliation; embarrassment; and distress.

34.

The injuries sustained by Plaintiff are permanent and continuing.

## COUNT II – VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE STATE OF GEORGIA

35.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

36.

The above-described actions and omissions of Defendant also deprived Plaintiff of his rights under the Georgia Constitution, including:

a)      freedom from deprivation of liberty without due process of law under Article I, Section I, Paragraph 1; and

b)      any other rights and privileges guaranteed to Plaintiff by the Georgia Constitution which may be applicable to the facts and circumstances of this action.

37.

The deprivation of Plaintiff's rights under the Constitution for the State of Georgia are breaches of public duty which constitute torts under Georgia law.

38.

The deprivation of Plaintiff's rights under the Georgia Constitution directly and proximately caused Plaintiff's damage, including but not limited to: physical, mental, and emotional pain and suffering; loss of the ability of labor; humiliation; embarrassment; and distress.

## COUNT III – FALSE IMPRISONMENT OF PLAINTIFF PURSUANT TO GEORGIA LAW

39.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

40.

As more fully described above, the Defendant's employees – while acting under color of state law and without justification or probable cause – falsely imprisoned Plaintiff, depriving Plaintiff of his personal liberty.

41.

Defendant's conduct in falsely imprisoning Plaintiff was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights and pursuant to Georgia law.

42.

Defendant incarcerated Plaintiff based upon the Warrant which was erroneously issued by Defendant; the error in issuing the Warrant could have been discovered by Defendant upon reasonable inquiry.

43.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered – and continues to suffer – injuries, both special and general, in an amount to be proven at trial and determined by the enlightened conscious of an impartial jury.

## COUNT IV – NEGLIGENCE

44.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

45.

At all times relevant hereto, Defendant and Defendant's employees had a ministerial duty to comply with the arrest and imprisonment policies and procedures of the Defendant as well as the federal and state law prohibiting unlawful seizure and false imprisonment.

46.

Defendant's employees – including the officer(s) who were involved in the wrongful arrest and incarceration of Plaintiff – had a ministerial duty to use the degree of care used by ordinarily careful persons under the same or similar circumstances.

47.

Defendant's employees breached the aforementioned duties by failing to use the degree of care used by ordinarily careful persons in the same or similar circumstances during the incarceration of Plaintiff on or about June 25, 2013, as described above.

48.

As a direct and proximate result of the acts and omissions of Defendant's employees Plaintiff suffered, suffers, and will continue to suffer damage, including but not limited to: physical, mental, and emotional pain and suffering; the loss of the ability of labor; humiliation; embarrassment; and distress.

## COUNT V – RESPONDEAT SUPERIOR LIABILITY

49.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

50.

At all relevant times, Defendant was the employer of the LCSO Officers involved in the arrest and/or incarceration of Plaintiff and Defendant is, therefore, liable in respondeat superior for the actions and omissions of the LCSO Officers involved in the arrest and/or incarceration of Plaintiff, as described herein.

51.

The LCSO Officers involved in the arrest and/or incarceration of Plaintiff performed the acts complained of herein in the course of their employment by Defendant; said acts did not involve any personal or private matters.

52.

The manner of the seizure, restraint, and incarceration of Plaintiff by the LCSO Officers involved in the arrest and/or incarceration of Plaintiff was outrageous and caused severe harm to Plaintiff.

53.

Defendant is vicariously liable to Plaintiff for damages for the state law torts committed by the LCSO Officers involved in the arrest and/or incarceration of Plaintiff, as set forth above.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

55.

The conduct of Defendant's employees - the LCSO Officers involved in the arrest and/or incarceration of Plaintiff – was outrageous and unprivileged, amounting to a willful, intentional, and reckless disregard for Plaintiff's rights, with the probability of causing severe emotional distress.

56.

The conduct of Defendant's employees - the LCSO Officers involved in the arrest and/or incarceration of Plaintiff – did, in fact, directly and proximately cause severe and protracted emotional distress to Plaintiff, which continues and is expected to continue.

57.

The conduct of Defendant's employees, as described above, was oppressive, subjecting Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights and was maliciously intended to cause injury to Plaintiff.

58.

As a result of Defendant's intentional infliction of emotional distress upon Plaintiff, as described above, Plaintiff has suffered – and continues to suffer injuries including, but not limited to: physical, mental, and emotional pain and suffering; loss of the ability of labor; humiliation; embarrassment; and distress.

## COUNT VII – PUNITIVE DAMAGES

59.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

60.

The actions and omissions of Defendant's employees, as described above, exhibits a willful, wanton, and callous disregard for human life and personal liberty, including the life and liberty of Plaintiff.

61.

Defendant's failure to adequately train, instruct, discipline, and supervise Defendant's employees – including the LCSO Officers involved in the arrest and/or incarceration of Plaintiff – in the course of the performance of their official duties exhibits a willful, wanton, and callous disregard for human life, safety, and personal liberty, including the life, safety, and personal liberty of Plaintiff.

62.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendant to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined at trial.

## COUNT VIII – ATTORNEYS FEES AND COSTS PURSUANT TO 42 U.S.C. §1988 AND GEORGIA LAW

63.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

64.

As a result of the actions, omissions, and wrongful conduct of Defendant as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

65.

Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendant his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

### 66.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

### 67.

Plaintiff demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in his favor and against the Defendant, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendant in compensatory, special, and general damages, in an amount or amounts to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendant in punitive damages in an amount sufficient to punish and deter Defendant in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendant for his attorneys' fees and costs of

litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) that this Court grant such other and further relief that the Court deems just

and proper.


Respectfully submitted this 18th day of November, 2013.


/s/ Rudjard M. Hayes
RUDJARD M. HAYES
Georgia Bar No. 340329
rudjard@theconsensusgroup.com
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).

Respectfully submitted this 18th day of November, 2013.

/s/ Rudjard M. Hayes
RUDJARD M.HAYES
Georgia Bar No. 340329
rudjard@theconsensusgroup.com
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com